LNE 11.10.24
PR: USAO 2024R00397

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. MJM-24-340 |
| v. | * | |
| | * | (Firearms Trafficking, 18 U.S.C. § 933(a)(3); Attempt Firearms Trafficking, 18 U.S.C. § 933(a)(3) Felon in Possession of Firearm and Ammunition, 18 U.S.C. § 922(g)(1); Illegal Possession of a Machinegun, 18 U.S.C. § 922(o); Forfeiture, 18 U.S.C. §§ 924(d) and 934(a)(1), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| **JONATHAN DREW BARTGIS** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Firearms Trafficking)

The Grand Jury for the District of Maryland charges that:

From at least on or about March 1, 2024 continuing through May 13, 2024, in the District of Maryland, the defendant,

**JONATHAN DREW BARTGIS**

did knowingly combine, conspire, and confederate, and agree with persons known and unknown to the Grand Jury to receive from another person any firearm in or otherwise affecting interstate and foreign commerce – that is, a Glock 29, Gen 5 10mm semi-automatic handgun bearing serial number CCRS762, and a Glock 23, .40 caliber semi-automatic handgun bearing serial number FHG941, knowing and having reasonable cause to believe that such receipt would constitute a felony.

18 U.S.C. 933(a)(3)

18 U.S.C. 933(a)(3)

## COUNT TWO
### (Attempt to Commit Firearms Trafficking)

The Grand Jury for the District of Maryland charges that:

From at least on or about March 24, 2024 continuing through May 13, 2024, in the District of Maryland, the defendant,

**JONATHAN DREW BARTGIS**

did knowingly attempt to receive from another person any firearm in or otherwise affecting interstate and foreign commerce – that is, a Glock 23, .40 caliber semi-automatic handgun bearing serial number FHG941, knowing and having reasonable cause to believe that such receipt would constitute a felony.

18 U.S.C. 933(a)(3)

## COUNT THREE
### (Firearms Trafficking)

The Grand Jury for the District of Maryland charges that:

From at least on or about March 1, 2024 continuing through March 23, 2024, in the District of Maryland, the defendant,

**JONATHAN DREW BARTGIS**

did knowingly receive from another person any firearm in or otherwise affecting interstate and foreign commerce - that is, a Glock 29, Gen 5 10mm semi-automatic handgun bearing serial number CCRS762, knowing and having reasonable cause to believe that such receipt would constitute a felony.

18 U.S.C. 933(a)(2)

## COUNT FOUR
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 20, 2024, in the District of Maryland, the defendant,

**JONATHAN DREW BARTGIS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm - that is, a Glock 29, Gen 5 10mm semi-automatic handgun bearing serial number CCRS762, approximately 147 rounds of 9mm caliber ammunition, approximately 234 rounds of 10mm caliber ammunition, and approximately 20 rounds of .357 caliber ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
### (Illegal Possession of a Machine Gun)

The Grand Jury for the District of Maryland further charges that:

On or about May 20, 2024, in the District of Maryland, the defendant,

**JONATHAN DREW BARTGIS,**

did knowingly possess a machinegun, as that term is defined in 26 U.S.C. § 5845(b) – that is, three machine gun conversion devices, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

18 U.S.C. § 922(o)

26 U.S.C. § 5845(b)
18 U.S.C. § 924(a)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 934(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Five of this Indictment.

### Firearms Trafficking Forfeiture

2. Upon conviction of the offense(s) alleged in Counts One through Three of this Indictment, the defendant,

**JONATHAN DREW BARTGIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One through Five of this Indictment, the defendant,

**JONATHAN DREW BARTGIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

a.  a forfeiture money judgment in the amount the defendant obtained as a result of the offense alleged in Counts One through Three;

b.  approximately $21,660 in United States currency seized from 312 East 9th Street, Frederick, Maryland, on or about May 20, 2024;

c.  a Glock 29, Gen 5 10mm semi-automatic handgun bearing serial number CCRS762;

d.  a Glock 23, .40 caliber semi-automatic pistol bearing serial number FHG941;

e.  approximately 147 rounds of 9mm caliber ammunition;

f.  approximately 234 rounds of 10mm caliber ammunition;

g.  approximately 20 rounds of .357 caliber ammunition; and

h.  approximately three machinegun conversion devices.

### Substitute Assets

5.  If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 934(a)(1)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Erek Barron/PR*

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

11/21/2024

Foreperson                                Date